### THE SIF.

### THE MURCIA.

#### (District Court, E. D. Pennsylvania. August 4, 1910.)

#### Nos. 54, 1.

1. COLLISION (§§ 51, 55*)—OVERTAKING VESSELS—BURDEN OF PROOF AS TO FAULT.

   Under article 24 of the Inland Navigation Rules (Act June 7, 1897, c. 4, 30 Stat. 101 [U. S. Comp. St. 1901, p. 2883]), which requires an overtaking vessel to keep out of the way of the overtaken vessel, it is her duty to pass at a safe distance and a safe point, and, in case of collision, the overtaking vessel has the burden of proof to show that it was occasioned by no fault on her part, but by some fault or neglect of duty on the part of the overtaken vessel.

   [Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 57–61, 64; Dec. Dig. §§ 51, 55.*

   Overtaking vessels, see note to The Rebecca, 60 C. C. A. 254.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** Collision (§ 94*)—Overtaking Vessels—Failure to Allow Safe Distance—Suction.

While passing up the Delaware river in the daytime, the steamship Sif overtook and attempted to pass the steamship Murcia on the latter's port side. After she had passed about half her length, the Murcia began to swing towards her, and, although the engine was stopped and then reversed, and the helm ported, continued to swing until with a sudden plunge her bow struck the Sif about 100 feet forward of her stern. The course of the Murcia was not changed until after she commenced to swing. *Held*, that she was not in fault, and that the fault was solely that of the Sif in passing so close that her suction caused the collision; the evidence tending to show that when the vessels began to converge the distance between them was not more than 100 feet.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 197–199; Dec. Dig. § 94.*]

In Admiralty. Suit by the English & American Shipping Company, Limited, as owner of the steamship Murcia, against the steamship Sif, Anton Hermandsen, claimant, and cross-libel by Hermandsen against the Murcia. Decree for libelant.

Howard M. Long and J. Parker Kirlin, for the Murcia.
Henry R. Edmunds, for the Sif.

HOLLAND, District Judge. These are cross-libels, filed on behalf of the owners of the steamships Murcia and Sif, respectively, for damages arising out of a collision between the vessels at about 2 p. m. on the 26th day of November, 1908, in the Delaware river below Philadelphia, in the Cherry Island Cut.

The Murcia, a steel screw steamer of 303 feet in length, 41.5 feet in beam, was bound inward to Philadelphia from Huelva, Spain, with a cargo of iron pyrites. The Sif, a Norwegian vessel, 325 feet in length and 47.1 feet in breadth, at the time of the collision, was bound on a voyage from Santiago de Cuba, with a cargo of iron. At the place of the collision, the channel of the river is about 29 feet in depth, and both vessels, as loaded, drew about 21 feet of water. Both were proceeding up the river, in clear weather, with a flood tide, and there was no wind of any consequence. The Murcia, ahead, was being overtaken by the Sif. From the time the vessels left their anchorage, near Goose Island, the Sif followed until she reached the intersection of the Deep Water Point and Cherry Island range, when two whistles were blown by the Sif, indicating an intention to pass the Murcia to the westward along her port side, to which the latter assented by replying with two whistles. At this time the Sif was about her length astern of the Murcia, and started to pass the latter along her port side. She gradually drew ahead until she was about half way past the Murcia, and up to this time both vessels had maintained their course and distance apart, when it was noticed the bow of the Murcia was drawn toward the Sif, and the vessels were being drawn together. The engines of the Murcia were slowed down and then stopped in order to permit the Sif to pass, but this did not prevent the movement of the Murcia, and the pilot ordered the engines to be put full speed astern and the helm aport, both of which orders were obeyed. Notwithstanding this ma-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

nœuvre, the Murcia continued to approach the Sif more rapidly, and then gave a sudden "dive" in the direction of the latter, the bluff of the Murcia's port bow striking the Sif on the starboard side at a point about 100 feet foreward of the latter's stern. The vessels remained in that position for more than a minute, during which time the Sif was proceeding ahead with the Murcia alongside. Both vessels were injured.

In the libel filed on behalf of the Murcia, it is claimed, inter alia, that the collision and damage resulting therefrom were not caused or contributed to by any fault of the Murcia, but were caused solely by the fault of the Sif, in that, being an overtaking vessel, she failed to keep out of the way of the Murcia, as she was required to do by article 24 of Inland Rules, and in that she passed too closely and converged and crowded upon the course of the Murcia while passing. This is denied in the answer of the Sif, and the latter, in the libel filed by it against the Murcia, avers that the collision was solely attributable to the stopping and backing of the engines of the steamer Murcia at the time and in the manner and under the circumstances mentioned in the libel, and to the general mismanagement, absence of care, and inattention of those in charge of the Murcia's navigation.

The Murcia had on board a competent river pilot, a man at the wheel, and the captain at or in the pilot house, and the Sif was properly manned with a pilot, master, chief officer, and wheelman on the bridge. Both vessels maintained their course and distance apart until the Sif had passed from a quarter to a half her length by the Murcia, when the bow of the Murcia began to approach the starboard side of the Sif. There is nothing in the evidence to show that this was the result of any mismanagement on the part of the officers of the Murcia. The important fact in this case is the one of distance at which the Sif attempted to pass the Murcia. It is claimed by the Sif that the distance between the two vessels at the time she was passing was from 300 to 400 feet. The Murcia, however, avers that when the Sif first began to overlap her they were from 100 to 150 feet apart, and that, as the Sif gradually drew ahead of the Murcia, the former converged slightly upon the course of the Murcia, so that, when the Sif was about half way by the Murcia, the distance between them had been reduced to from 50 to 100 feet, when the engines were slowed, then stopped, and finally put full speed astern, and the helm aport.

Taking the circumstances of the collision in connection with the evidence, we think it is clear that the contention of the Murcia is correct as to the distance the vessels were apart. Aside from the evidence of the witnesses as to the distance between the vessels, we have the fact that the Sif was 325 feet in length and the Murcia 303 feet in length, and that both vessels maintained their course until the Sif had passed the Murcia about half the former's entire length, when the Murcia, it is claimed, began to converge toward the Sif. If the distance was as great as claimed by the Sif, it would have been impossible for the Murcia to have collided with the Sif, as she did, at a point some distance foreward of her stern, the Sif being the faster boat, and at the time of the collision the Murcia had her engines put full speed astern,

so that the conclusion is amply justified that the Sif was attempting to pass too close to the Murcia, and the distance apart more nearly that stated by the witnesses for the latter. The Sif was the overtaking vessel, and, as such, had the burden placed upon her by the laws and usages of navigation of safely passing the slower ship, and as such overtaking vessel the burden was upon her to show that the collision was occasioned by no fault on her part, but by some fault or neglect of the duty on the part of the Murcia. The Aureole, 113 Fed. 224, 51 C. C. A. 181; City of Brockton (D. C.) 37 Fed. 897. At the time the Sif was passing the Murcia the latter maintained her course, and this is all the Sif had a right to expect the Murcia to do, as the Sif was the overtaking vessel, and it was her duty to pass at a safe distance and at a safe point. The Governor, Fed. Cas. No. 5,645; The Rhode Island, Fed. Cas. No. 11,745; Whitridge v. Dill, 64 U. S. 448, 16 L. Ed. 581; The Cephalonia (D. C.) 29 Fed. 332; City of Brockton, supra; The Aureole, supra; The Atlantis, 119 Fed. 568, 56 C. C. A. 134. As it was the duty of the Sif to select a place and to keep at a safe distance in attempting to pass and as she was the overtaking ship, it was her duty, in order to exonerate herself, to show that the fault was that of the Murcia. This we think she has wholly failed to do. The charge is that the Murcia was at fault, and that the collision was solely attributable to the stopping and backing of the engines of the steamer Murcia. This, it seems to me, under the circumstances, was the proper thing for the Murcia to do in its effort to avoid the collision, and, in fact, it is so declared by Judge Gray in the case of The Aureole, supra, in which case the same objection was raised to the same manœuvre by the overtaken vessel. In that case (113 Fed. 229, 51 C. C. A. 186) Judge Gray says:

"Under the circumstances, it seems to us as it seemed to the pilot at the time good judgment to slow up, so as to allow the Aureole the more quickly to pass; and the stopping of the engines just before the collision seems clearly justified by the situation in which the ships were."

In this case it was the judgment of the captain and pilot of the Murcia that this was the proper manœuvre, and the captain of the Sif testified, when he noticed the "Murcia was edging toward" him before she sheered, he "sung out," "Port your helm or stop your engines, stop your engine, and you will fall astern of us."

We find there is no fault on the part of the Murcia, and, as she was the overtaken vessel, the responsibility for the damage must rest upon the Sif, unless she satisfactorily explains the cause of the collision and exonerates herself. The Nathan Hale, 113 Fed. 865, 51 C. C. A. 489. What, then, must have been the cause of this collision? Clearly from the facts and circumstances it appears that the Sif attempted to pass the Murcia so closely as to cause a suction which drew the latter out of her course, and, in the attempt of the Murcia to avoid the collision, the engines were first slowed down, then stopped, and finally put full speed astern. Whether this was entirely in accord with the best method of controlling the vessel under these circumstances, it failed to prevent the collision, and it failed to overcome the fault of the Sif in passing the Murcia so closely as to cause the latter to be drawn out of her course and toward the starboard side of the latter.

The "dive" or "plunge" which the Murcia finally made into the side of the Sif indicates some unusual force as the cause, and the influence of the suction of one vessel over another has been recognized in navigation in a number of cases, especially where the sudden "plunge or dive" indicates that there is some force other than the motion of the vessel from her propelling force. That suction has been recognized as a fruitful cause of collision appears from the following cases: The Ohio, 91 Fed. 547, 33 C. C. A. 667; The Aureole, supra; The Atlantis, supra; The Mesaba (D. C.) 111 Fed. 215; The Fontana, 119 Fed. 853, 56 C. C. A. 365; The Bremen (D. C.) 111 Fed. 228; The City of Brockton, supra; The North Star (D. C.) 132 Fed. 145; The U. S. and The Monterey (D. C.) 171 Fed. 442.

The Sif, being in fault in its effort to pass the Murcia at a distance and at a point which resulted in the accident, should be held responsible for the damages resulting from the collision, and the order of the court is that the libel filed by Anton Hermandsen, libelant, against the steamship Murcia, William C. Butler, claimant, be dismissed, and in the action brought by the English & American Shipping Company, Limited, against the steamship Sif, Anton Hermandsen, claimant, there be a decree in favor of the libelant, with an order of reference to ascertain the damage.